FILED

APR 12 2019

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 17-16-BU-DLC |
| --- | --- |
| Plaintiff/Respondent, | CV 19-17-BU-DLC |
| vs. | ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| BENJAMIN CALVIN BROOKS, | |
| Defendant/Movant. | |

On April 12, 2019, Defendant/Movant Brooks filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Brooks is a federal prisoner proceeding pro se.

Brooks's motion also requests the return of cash he claims was taken from him. That part of the motion is addressed in a separate order.

Brooks pled guilty to being a felon in possession of a firearm and was sentenced to serve 30 months in prison. *See* Minutes (Doc. 76); Judgment (Doc. 100) at 2–3. On May 7, 2018, he filed a timely notice of appeal. The appeal is pending in the Ninth Circuit Court of Appeals. Oral argument is currently set for June 4, 2019. *See United States v. Brooks*, No. 18-30099 (9th Cir. filed May 7, 2018).

1

A § 2255 motion is the equivalent of a petition for writ of habeas corpus. *See, e.g., United States v. Hayman*, 342 U.S. 205, 210–19 (1952). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994), and *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Consequently, district courts do not consider § 2255 motions while an appeal is pending or before the time for seeking further direct review has expired. *See, e.g., Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (as amended); *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); Rule 5, Rules Governing § 2255 Proceedings for the United States District Courts, advisory committee's note (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)); *see also United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

The Court will not entertain a § 2255 motion unless and until Brooks's direct appeal is exhausted, including any proceedings in the United States Supreme Court. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). When it is the appropriate time to file a § 2255 motion, Brooks will be required to assert in one motion all claims for relief he wishes the Court to consider. *See generally* 28 U.S.C. §§ 2255(h), 2244(b).

This law is well-settled. A certificate of appealability is not warranted. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529

U.S. 473, 484 (2000)).

Accordingly, IT IS ORDERED:

1. Brooks's § 2255 motion (Doc. 128) is DISMISSED WITHOUT PREJUDICE as premature. No action will be taken on it.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Brooks files a Notice of Appeal of this Order.

3. The clerk shall close the civil file by entering a judgment of dismissal.

DATED this 12th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court