IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–16–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BENJAMIN CALVIN BROOKS, | |
| Defendant. | |

Before the Court is Defendant Benjamin Calvin Brooks' Motion for Early Termination of Supervised Release. (Doc. 138.) Mr. Brooks pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 100 at 1.) On May 4, 2018, Mr. Brooks was sentenced to 30 months imprisonment followed by 3 years of supervised release. (*Id.* at 2–3.) Mr. Brooks moves this Court for the premature termination of his term of supervised release. (Doc. 138.) The United States of America and the United States Probation Office do not oppose this request. (*Id.* at 1; Doc. 139.) For the reasons stated herein, the Court will grant the motion.

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

>the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Brooks began his three-year term of supervised release on September 18, 2019, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Brooks' supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Brooks waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Mr. Brooks' supervised release is obviously favorable to him and the United States does not object. (Docs. 138 at 1; 139.) Accordingly, the Court will dispose of this matter without a hearing.

conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of all of the foregoing factors supports the early termination of Mr. Brooks' remaining term of supervised release. While his underlying offense conduct is serious, Mr. Brooks served a term of imprisonment and has thrived on supervised release. Mr. Brooks represents that his "experience in the system has changed him profoundly and set him on the stable path he is on today." (Doc. 138 at 2.) Mr. Brooks resides with this wife and stepdaughter and "enjoys the support of his community." (*Id.*) In short, the interest of justice and Mr. Brooks' conduct on supervised release all support early termination in this matter.

Accordingly, IT IS ORDERED that the motion (Doc. 138) is GRANTED.

IT IS FURTHER ORDERED that Mr. Brooks' remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 28th day of May, 2021.

Dana L. Christensen, District Judge
United States District Court